**IT IS ORDERED as set forth below:**

**Date: June 29, 2017**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MICHAEL KIRK REESE, | ) | CASE NO. 16-66599– LRC |
| HASTINE CELESTINE REESE, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| MICHAEL KIRK REESE, | ) | |
| HASTINE CELESTINE REESE, | ) | |
| | ) | |
| Plaintiffs, | ) | ADVERSARY PROCEEDING |
| v. | ) | NO. 17-05013 |
| | ) | |
| FLASH EXPRESS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND MEMORANDUM OPINION ON MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiffs' *Motion for Default Judgment* (Doc. No. 7) (the "Motion"). On September 20, 2016, Plaintiffs filed a voluntary petition for relief under

chapter 13 of title 11 initiating the case underlying this proceeding, Case No. 16-66599 (the "Main Case").

Plaintiffs filed a complaint January 17, 2017, initiating this adversary proceeding (the "Complaint").[1] The Complaint seeks, *inter alia*, a declaration that Flash Express, LLC's ("Flash") lien is not valid due to a defect in the security deed (the "Deed to Secure Debt") as recorded and an order reclassifying Flash's claim as a general, unsecured claim.[2]

Flash did not respond or oppose the relief sought in the Complaint. On April 5, 2017, Plaintiffs requested entry of default (Doc. No. 4). The Clerk, however, did not and has not entered a default. A notice of deficiency (Doc. No. 5) was sent to Plaintiffs and Plaintiffs' counsel detailing the deficiency in the motion for entry of default.

The motion for entry of default was deficient for failing to include: (1) a statement as to whether the Court fixed a deadline for the filing of an answer or motion; (2) the date of filing of the certificate of service of summons and complaint (the "Certificate of Service"); and (3) a statement that no answer or motion has been received within the time fixed by the Court or by Federal Rule of Bankruptcy Procedure (the "Rule") 7012(a). The Court did not fix a deadline for filing of an answer or motion. Plaintiffs filed the

---

[1] The Complaint is identical to Plaintiffs' *Motion to Determine Secured Status of Flash* (Bankr. Doc. No. 18, the "Motion to Determine Secured Status") filed on November 11, 2016. While Flash did not respond or appear at the hearing in opposition to the Motion to Determine Secured Status, the Court denied the motion due to Plaintiffs' failure to request such relief via an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(2).

[2] Flash has not filed a proof of claim and the claims bar date has passed. Therefore, there is no claim for the Court to reclassify pursuant to Plaintiffs' request. Flash has notice of the Main Case, and Flash's CEO Reginald Smith signed and filed a motion (Bankr. Doc. No. 17, the "Lien Motion") on behalf of Flash seeking a declaration that it had a lien against Plaintiffs' property located at 2146 Abner Place, Atlanta, GA 30318. The Court denied the Lien Motion (Bankr. Doc. No. 20) because a limited liability company cannot proceed *pro se* in Federal Court. See *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985).

2

Certificate of Service (Doc. No. 3) on January 19, 2017.[3]  The docket reflects that Flash has not filed an answer or motion, and the 30-day period for filing an answer or motion prescribed in Rule 7012(a) has expired.

## DISCUSSION

Federal Rule of Civil Procedure (the "Federal Rule") 55 is made applicable in adversary proceedings pursuant to Rule 7055.  FED. R. BANKR. P. 7055.  Federal Rule 55 provides that a plaintiff may obtain a default judgment against a defendant who "has failed to plead or otherwise defend[.]" FED. R. CIV. P. 55(a).  However, a plaintiff is not automatically entitled to a default judgment just because a defendant failed to respond. *In re Trevisan*, 300 B.R. 708, 713 (E.D. Wis. 2003).  To be entitled to a default judgment, a plaintiff must provide sufficient facts to support a cause of action.  *Id*.  While well-pleaded allegations of fact are deemed admitted by a defendant's default, legal conclusions are not entitled to similar deference.  *Cotton v. Massachusetts Mutual Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) ("allegations" that defendant falls under the statutory definition of a fiduciary, without facts explaining in what way defendant meets the definition, are not "well-pleaded factual allegations" sufficient to establish the defendant's status as a fiduciary).

---

[3] This certificate of service evidences service on Flash's registered agent. The website for the Secretary of State for the State of Georgia reflects Flash was administratively dissolved on December 7, 2016. Georgia Secretary of State: Corporations Division, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=1924630&businessType=Domestic%20Limited%20Liability%20Company (last visited June 23, 2017).  Pursuant to O.C.G.A. § 14-11-603(b)(3), administrative dissolution does not terminate the authority of a limited liability company's registered agent.  Accordingly, service is sufficient under Rule 7004(b)(3).

Plaintiffs challenge the validity and extent of Flash's lien under Georgia law. Plaintiffs argue the lien is defective due to the lack of a valid legal description in the recorded Deed to Secure Debt and unenforceable as to Plaintiff Hastine Reese's interest in the Properties because she did not execute the Deed to Secure Debt.

The Court has jurisdiction in this core proceeding. *See* 28 U.S.C. § 1334, 28 U.S.C. § 151, and 28 U.S.C. § 157(b)(2)(K). The Court is the proper venue for this matter pursuant to 28 U.S.C. § 1409.

Applying the standards of *Cotton*, *supra*, the Court has examined the Complaint and determined the undisputed facts. Plaintiffs own property located at 2146 Abner Place, Atlanta, GA 30318; 33 Park Ave. SE, Atlanta, GA 30315; and 939 Redford Drive, Atlanta, GA 30315 (collectively, the "Properties"). Plaintiff Michael Reese, as Borrower, and Flash, as Lender, executed the Deed to Secure Debt on January 22, 2015. Flash recorded the Deed to Secure Debt on January 29, 2015, in Fulton County, Georgia Deed Book 54579, pages 239-43 (5 pages total). The Deed to Secure Debt states on its face that the Properties' legal description can be found attached in "Exhibit A." Exhibit A was not recorded with the Deed to Secure Debt.[4] Plaintiff Hastine Reese is not named as Borrower, there are no signature blocks for her in the Deed to Secure Debt, and she did not sign the Deed to Secure Debt.

---

[4] Plaintiffs acknowledge that "Exhibit 'A' provides a valid legal description of the property that is subject to this security deed." Complaint ¶ 6.

4

These facts are deemed admitted. As explained below, the Deed to Secure Debt did not attach to Plaintiff Hastine Reese's interest in the Properties, as she did not execute the Deed to Secure Debt. However, the Deed to Secure Debt did convey an interest in Plaintiff Michael Reese's interest in the Properties to Flash.

Georgia courts have established seven elements that must exist for a deed to convey title to real property.[5] 2 Ga. Real Estate Law & Procedure § 19:17 (7th ed.); *see also* O.C.G.A. § 44-14-60; O.C.G.A. § 44-5-30. Of these seven elements, two are at issue here: a description sufficient to identify the land; and a signature of the grantor.

## DESCRIPTION OF LAND

Under Georgia law, the description of the land contained in a deed must be "'sufficiently certain to effect a means of identification. A deed lacking in such certainty of description, standing alone, is inoperative either as a conveyance of title or as color of tile.'" *Donaldson v. Nichols*, 223 Ga. 206, 207 (Ga. 1967) (quoting *Allen v. Smith*, 169 Ga. 395, 395 (Ga. 1929)). The description of the land does not have to be perfect, and an instrument may sufficiently describe land by referring to extrinsic data which assists in the identification of the land. *Cent. Mortg. Co. v. Humphrey*, 328 Ga. App. 474, 479 (Ga. Ct. App. 2014); *Donaldson* 223 Ga. at 207.

---

[5] 1. A written original instrument purporting to convey title to land;
 2. A grantor, that is a natural person or legal entity possessing contractual powers;
 3. A grantee, who must be a legal entity, but not necessarily be competent or sui juris;
 4. Language of conveyance;
 5. A description sufficient to identify the land;
 6. Signature of the grantor; and
 7. Delivery of the instrument to the grantee or to someone on the grantee's behalf.

The Deed to Secure Debt makes reference to "property as more particularly described in Exhibit A attached hereto." Plaintiffs attached the Deed to Secure Debt and Exhibit A to the Complaint as an exhibit. Exhibit A is a single page document containing three separate descriptions of three individual pieces of real property and is consecutively numbered with the pages of the Deed to Secure Debt. Each piece of real property described is located in Fulton County, Georgia, and each description is "sufficiently certain to effect a means of identification" of one of the Properties. *Donaldson v. Nichols*, 223 Ga. at 207.

As recorded, the Deed to Secure Debt fails to include any description of the Properties. However, Plaintiffs have not alleged any facts that would show that at *execution* the Deed to Secure Debt lacked a valid legal description of the Properties. Plaintiffs acknowledge in the Complaint that "Exhibit 'A' provides a valid legal description of the property that is subject to this security deed." Complaint ¶ 6. A security deed that contains all of the necessary elements at execution, "as between the original parties, is valid irrespective of whether it is recorded or not. It is only as against third persons, acting in good faith without notice, that recording is required." *Corbin v. Shadburn*, 174 S.E. 259, 259-60 (Ga. Ct. App. 1934); *see also Cooper v. Bacon*, 143 Ga. 64, 68 (Ga.1915) ("The record of a deed is not essential in order to convey title as between the parties to the contract.); O.C.G.A. § 44-2-2(c) ("Nothing in this Code section shall be construed to affect the validity or force of any deed, mortgage, judgment, or lien of any kind between the parties thereto.").

Plaintiffs have failed to show that they are entitled to default judgment as to the extent and validity of the Deed to Secure Debt with regard to Plaintiff Michael Reese's interest in the Properties to Flash.[6]

## SIGNATURE OF THE GRANTOR

Under Georgia law, conveyances of land and therefore deeds are governed by the statute of frauds, and to be valid, must be in writing and signed by the maker/grantor. O.C.G.A. § 13-5-30(4); O.C.G.A. § 44-5-30.  Plaintiff Hastine Reese did not sign the Deed to Secure Debt prior to its recordation.  The Deed to Secure Debt therefore does not encumber Plaintiff Hastine Reese's interest in the Properties.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Motion is *GRANTED* in part and *DENIED* in part.  The Deed to Secure Debt operated as a conveyance of Plaintiff Michael Reese's interest in the Properties to Flash.  The Deed to Secure Debt did not and cannot attach to Plaintiff Hastine Reese's interest in the Properties as as she did not execute the Deed to Secure Debt.

IT IS FURTHER ORDERED that a default will be entered contemporaneously herewith.

---

[6] Whether the lien created by the Deed to Secure Debt is avoidable under some theory is not before the Court.

7

IT IS FURTHER ORDERED that a separate default judgment will be entered contemporaneously herewith.

**[END OF DOCUMENT]**